# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BRIAN KEITH KOMORA, | No. 59353-0-II |
| Appellant, | |
| v. | |
| JAMES ELLIOT LOBSENZ, WSBA No. 8787; LAW FIRM OF CARNEY BADLEY SPELLMAN, PS; WASHINGTON STATE BAR ASSOCIATION, | ORDER CORRECTING AND AMENDING OPINION |
| Respondents, | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, | |
| Defendant. | |

The unpublished opinion in this matter was filed July 14, 2026. Respondents notified this court, in a letter filed July 21, 2026, of a typographical error. After review and consideration, this court amends its opinion as follows:

Under the "CONCLUSION" section, the first full paragraph on page eight that reads:

> Although we are troubled by the trial court's abrupt decision not to preclude oral argument from Komora, even though the trial court could hear him in the virtual hearing, we conclude that any procedural error was harmless because Komora has failed to identify any argument he would have presented to the court during the hearing that would have changed this outcome.

is deleted, omitting the word "not" and replaced with the following:

> Although we are troubled by the trial court's abrupt decision to preclude oral argument from Komora, even though the trial court could hear him in the virtual hearing, we conclude that any procedural error was harmless because Komora has failed to identify any argument he would have presented to the court during the hearing that would have changed this outcome.

No. 59353-0-II

It is SO ORDERED.

_____
GLASGOW, J.

We concur:

_____
PRICE, A.C.J.

_____
CRUSER, J.

2

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BRIAN KEITH KOMORA, | No. 59353-0-II |
| Appellant, | |
| v. | |
| JAMES ELLIOT LOBSENZ, WSBA No. 8787; LAW FIRM OF CARNEY BADLEY SPELLMAN, PS; WASHINGTON STATE BAR ASSOCIATION, | UNPUBLISHED OPINION |
| Respondents, | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, | |
| Defendant. | |

GLASGOW, J.—In 2018, Brian Komora's mother sent James Lobsenz, an attorney at Carney Badley Spellman PS, a $10,000 retainer. Lobsenz and the firm believed the retainer was for Komora's jail cellmate. The following year, Komora realized that Lobsenz did not represent him and consulted an attorney. In May 2020, Komora sent Lobsenz and the firm (collectively, "Carney") a letter demanding that Carney return the $10,000 to Komora's mother. In June 2023[1], Komora filed a lawsuit against Carney as well as the Washington State Bar Association (WSBA) and the Department of Corrections.[2]

---

[1] We apply GR 3.1(a)'s "mailbox rule."

[2] The Department is not a party in this appeal.

Carney and the WSBA moved to dismiss Komora's lawsuit. At a virtual hearing on the motions to dismiss, after Carney and the WSBA had briefly argued for dismissal, Komora reported being unable to hear the court. The trial court abruptly decided to dispose of the motions based solely on the written pleadings and granted the motions to dismiss without hearing argument from Komora. The trial court ruled, in relevant part, that Komora's claims against Carney were time barred. It further ruled that the trial court lacked jurisdiction over Komora's claims against the WSBA because they involved a challenge to a disciplinary decision.

Komora appeals, arguing in part that the trial court violated his procedural due process rights by not allowing him to provide oral argument, and that the trial court erred in dismissing his claims. We are troubled by the trial court's decision not to hear argument from Komora after it had heard argument from the other parties and where it appears the trial court was able to hear Komora in the virtual hearing. Nevertheless, Komora fails to identify any argument he would have made during the hearing that would have influenced the outcome of his claims against Carney and the WSBA. Komora's claims plainly fail as a matter of law. Thus, any procedural error had no effect on the outcome of the hearing and was therefore harmless. We affirm.

FACTS

Because this appeal involves the review of a dismissal under CR 12(b)(1), (6), we assume the truth of the allegations stated in the complaint. *Kinney v. Cook*, 159 Wn.2d 837, 842, 154 P.3d 206 (2007).

At all times relevant to this appeal, Brian Komora was in prison. On July 2, 2018, Komora's mother sent Lobsenz $10,000, but no written fee agreement between them was ever established. Komora later inquired with Lobsenz's firm as to when Lobsenz's representation of him would

begin but was informed that Komora was not, and had never been, a client of Lobsenz or the firm. On May 28, 2020, Komora sent Lobsenz a letter demanding he return the full $10,000 to his mother within 30 days. Komora filed a grievance against Lobsenz with the WSBA. The WSBA ultimately dismissed Komora's grievance.

In 2023, Komora filed suit against Lobsenz, Carney Badley Spellman PS, the WSBA, and the Department of Corrections. In a GR 3.1 certificate of service by mail, Komora declared that he deposited his summons and complaint in the mail on June 15, 2023. Komora brought his action under the Uniform Declaratory Judgments Act (UDJA), ch. 7.24 RCW. Komora sought declaratory judgment finding that Lobsenz violated multiple Rules of Professional Conduct, used the $10,000 without authorization, and committed first degree theft under RCW 9A.56.030(1)(a). Komora also alleged that the WSBA aided Lobsenz in the theft of his funds when it dismissed his grievance.

Carney and the WSBA moved to dismiss Komora's complaint. Carney moved for dismissal arguing in part that the case was barred by the three year statute of limitations. The WSBA argued in part that the case should be dismissed because the superior court lacked jurisdiction over the claim against the WSBA because it challenged an attorney discipline decision. Komora filed written responses opposing dismissal.

Carney requested oral argument on the motion to dismiss. In response, Komora requested a virtual hearing, which Carney did not oppose. All parties appeared at the virtual hearing. The trial court asked the parties if they had argument to add. The WSBA told the court that it did not have argument to add beyond what was in their motion to dismiss and summarized the motion. Carney briefly summarized its motion to dismiss, assuming the facts in the complaint were true,

while reiterating that Carney would dispute Komora's version of events if the case were not dismissed.

Komora informed the court that he could barely hear the proceedings. The trial court told Komora that it could hear him "very well" and that the audio appeared to be working well for everyone else. Verbatim Rep. of Proc. (VRP) at 8. Komora responded that he had severe anxiety and asked what the trial court would like him to address first. When the trial court started to explain that it was asking if he had any additional argument to make, Komora reiterated that he was having a difficult time hearing the court.

At that point, the trial court abruptly explained that it would be moving forward without argument from Komora, stating, "I [am] so sorry that Mr. Komora cannot hear the court today. I think it is best then for me to rule simply on the pleadings." VRP at 9. Komora interrupted to say that the problem was only that he was having trouble hearing, the court could hear him, and he had other things he wanted to say. The trial court responded that it was moving forward without further argument.

The trial court then ruled that Komora did not have a legally cognizable claim against the WSBA regarding the handling and dismissal of his grievance claims. It explained,

> The Supreme Court has exclusive responsibility for lawyer discipline in Washington. Mr. Komora has no standing to bring a complaint against the discipline system, and the [WSBA] has immunity against claims for damages related to exercising the discretion granted to it by the Supreme Court to the Office of Disciplinary Counsel.

VRP at 10. The trial court also found that it had no jurisdiction over the claims. RP at 12. With respect to Carney, the trial court ruled in part that Komora's claims were subject to a three-year statute of limitations and were therefore untimely.

6

The trial court noted that it could tell from Komora's body language that he was disappointed in the court's ruling. The trial court explained, "I'm sorry that you didn't have a good connection. I made my ruling just on the pleadings in order to balance the issues before the court, and because I have no jurisdiction, there is no basis really for me to go forward, but I have addressed all the issues." VRP at 12.

Komora appeals.

ANALYSIS

We review a trial court's order granting dismissal under CR 12(b)(1) or (6) de novo. *Deegan v. Windermere Real Est./Ctr.-Isle, Inc.*, 197 Wn. App. 875, 884, 391 P.3d 582 (2017); *Wells Fargo Bank, N.A. v. Dep't of Revenue*, 166 Wn. App. 342, 350, 271 P.3d 268 (2012). When evaluating a defendant's motion to dismiss, we assume the truthfulness of the complaint's allegations. *Kinney*, 159 Wn.2d at 842.

Komora focuses his appeal on the argument that the trial court deprived him of an opportunity to be heard in the virtual hearing, even though the other parties were permitted to present brief arguments.[3] We are troubled by the trial court's abrupt decision not to allow Komora to present argument on the motions to dismiss, despite the fact that it appears from our record that the court was able to hear him. Nonetheless, any error was harmless.

---

[3] We note that in his briefing to this court, Komora sometimes characterizes his argument as an "appearance of fairness" argument. Br. of Appellant at 13, 24; Reply Br. of Appellant at 10. But rather than arguing that the trial court had any improper interest in the outcome of the case or any other improper bias, Komora's arguments to this court focus on the unfairness of the oral argument procedure during the hearing on the motions to dismiss. As a result, we treat these as further due process arguments about the unfairness of the procedure.

"Under the harmless error test in civil cases, an error is harmless when it does not materially affect the outcome of the trial." *Lavington v. Hillier*, 22 Wn. App. 2d 134, 148, 510 P.3d 373 (2022). Here, any procedural error was harmless because Komora has not identified any argument he would have made that could have changed the outcome of the motions to dismiss.

As a matter of law, Komora's claims against Carney are indisputably time barred. Lawsuits for declaratory judgment must be brought "within a 'reasonable time.'" *Auto. United Trades Org. v. State*, 175 Wn.2d 537, 542, 286 P.3d 377 (2012) (quoting *Brutsche v. City of Kent*, 78 Wn. App. 370, 376-77, 898 P.2d 319 (1995)). What constitutes a "reasonable time" is determined by analogy to the time allowed for a similar action as prescribed by statute, court rule, or other provision. *Schreiner Farms, Inc. v. Am. Tower, Inc.*, 173 Wn. App. 154, 159, 293 P.3d 407 (2013). "The 'right to declaratory relief should be barred when [the] right to coercive relief is barred.'" *Id.* (alteration in original) (quoting *City of Fed. Way v. King County*, 62 Wn. App. 530, 537, 815 P.2d 790 (1991)).

RCW 4.16.080(2)-(4) sets a three-year statute of limitations for an action for taking, detaining or injuring personal property, an action upon an express or implied contract or liability that does not arise out of any written instrument, or an action for relief upon the ground of fraud. Because the statute of limitations for the associated relief under RCW 4.16.080 would be three years, the "reasonable time" for Komora to bring his declaratory judgment action against Carney was also three years.

Komora knew the facts that served as a basis for his claim against Carney at the latest in May 2020, when Komora sent Carney a letter demanding that Carney refund the $10,000 payment to his mother. Even so, Komora did not file his complaint until June 15, 2023, which was beyond

the three-year time limit. As a result, the statute of limitations requires dismissal of Komora's claims against Carney as a matter of law. Komora identifies no argument he would have made at the hearing on Carney's motion to dismiss that could have changed this result.

Similarly, Komora's claim against the WSBA indisputably falls outside of the jurisdiction of the superior court and this court under the Washington Constitution. It is well established that article IV, section 1 of the Washington Constitution and court rule ELC 2.1 vest exclusive jurisdiction in the Washington Supreme Court for challenges to the lawyer disciplinary system. *See also In re Disciplinary Proc. Against Sanai*, 177 Wn.2d 743, 759, 302 P.3d 864 (2013). By rule, the Washington Supreme Court has delegated to the WSBA Office of Disciplinary Counsel and Disciplinary Board duties involving the investigation and review of disciplinary grievances. ELC 2.3, 2.8. The Washington Supreme Court has delegated no attorney discipline duties to the superior courts. *Eugster v. Washington State Bar Ass'n*, 198 Wn. App. 758, 776, 397 P.3d 131 (2017). Accordingly, when the WSBA processes a grievance against an attorney, the trial court may not sit in review of the order. *Id*. Thus, the trial court did not err by concluding that it had no jurisdiction over Komora's claims against the WSBA, and Komora has identified no argument he could have made at the hearing that would have changed this outcome.

Because Komora's claims fail as a matter of law, any procedural error at the hearing did not materially affect the outcome of the hearing and was therefore harmless.

Because we resolve this appeal on this basis, we need not address Komora's claims further.[4]

---

[4] To the extent the Komora asks that we appoint him counsel either for his appeal or for further proceedings in the trial court, we deny that request. He has presented no valid basis for the appointment of counsel in this civil case.

CONCLUSION

Although we are troubled by the trial court's abrupt decision not to preclude oral argument from Komora, even though the trial court could hear him in the virtual hearing, we conclude that any procedural error was harmless because Komora has failed to identify any argument he would have presented to the court during the hearing that would have changed this outcome.

Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

PRICE, A.C.J.

CRUSER, J.